IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Terrell Nelson, | Civil Action No. 5:23-cv-1415-CMC |
| Plaintiff, | |
| vs. | **ORDER** |
| Warden John Palmer; A/W Yolanda Turner; A/W Thomas Robertson; Major Stanley Terry; Lt. Taylor; Head Classification Greene; Lieutenant Kelvin Avery; Warden Anthony Burton; Phillips Business Office; QMHP Kevin Cunningham; Nurse Samantha Burdette; Lieutenant Parks; Dr. Megan Howard; Dr. Rose Pitt; Nurse Riley McCormack; Mental Health Officer Dorn; Willie Davis, Regional Director; Dr. Labrador, Director Men's Mental Health Services; Lieutenant Miranda Boyd; Director Bryan Stirling; Administrative Captain Heflin; Lieutenant Norman; Captain Campbell; Mrs. K. Ardister-Brown; Sergeant Letman; Lieutenant B. Phillips; Nurse Moore; and Sergeant Durant,, | |
| Defendants. | |

This matter is before the court on Plaintiff's Complaint, alleging violations of his constitutional rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings.

Defendant Riley McCormack filed a motion to dismiss for failure to state a claim on November 6, 2023. ECF No. 111. The next day a *Roseboro* Order was entered because Plaintiff

is proceeding *pro se*, advising him of the significance of a motion to dismiss and the need to file a response. ECF No. 112.  Plaintiff did not respond. On December 15, 2023, the Magistrate Judge entered an Order directing Plaintiff to advise the court whether he wished to pursue his case against Defendant McCormack and to file a response to the motion to dismiss.  ECF No. 117. Plaintiff was warned if he failed to file a response, the Magistrate Judge would recommend Defendant McCormack be dismissed. *Id*. at 2. Plaintiff did not respond.

On January 24, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending Defendant McCormack be summarily dismissed with prejudice as Plaintiff failed to prosecute his claim against this Defendant.  ECF No. 119. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Plaintiff failed to file objections or any other filing with this court, and the time to do so has expired.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but

instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After a review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error, and agrees Defendant McCormack should be dismissed from this case.  Accordingly, the court adopts the Report by reference in this Order. Defendant McCormack is dismissed from this case with prejudice for failure to prosecute. This case is re-referred to the Magistrate Judge for further pre-trial proceedings.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
February 20, 2024

3