IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terrell Nelson, | C/A No.: 5:23-1415-CMC-KDW |
| Plaintiff, | |
| v. | |
| Warden John Palmer; A/W Yolanda Turner; A/W Thomas Robertson; Major Stanley Terry; Lt. Taylor; Head Classification Greene; Lieutenant Kelvin Avery; Warden Anthony Burton; Phillips Business Office; QMHP Kevin Cunningham; Nurse Samantha Burdette; Lieutenant Parks; Dr. Megan Howard; Dr. Rose Pitt; Mental Health Officer Dorn; Willie Davis, Regional Director; Dr. Labrador, Director Men's Mental Health Services; Lieutenant Miranda Boyd; Director Bryan Stirling; Administrative Captain Heflin; Lieutenant Norman; Captain Campbell; Mrs. K. Ardister-Brown; Sergeant Letman; Lieutenant B. Phillips; Nurse Moore; and Sergeant Durant, | REPORT AND RECOMMENDATION |
| Defendants. | |

Plaintiff, proceeding pro se and *in forma pauperis*, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. On May 23, 2024, Defendants K. Ardister Brown; Lieutenant Kelvin Avery; Lieutenant Miranda Boyd; Nurse Samantha Burdette; Warden Anthony Burton; Captain Campbell; Kevin Cunningham; Willie Davis; Mental Health Officer Dorn; Sergeant Durant; Head Classification Greene; Administrative Captain Heflin; Megan Howard; Dr. Labrador; Sergeant Letman; Nurse Moore, Lieutenant Norman; Warden John Palmer; Lieutenant Phillips; Phillips; Rose Pitt; Thomas Robertson; Bryan Stirling; Lieutenant Taylor;

Stanley Terry; and Yolanda Turner filed a Motion for Summary Judgment. ECF No. 137. That same day Defendant Parks filed a separate Motion for Summary Judgment. ECF No. 138. Because Plaintiff is proceeding pro se, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of such motions and of the need for him to file adequate responses. ECF No. 139. Plaintiff was specifically advised that if he failed to respond adequately, Defendants' Motions may be granted, thereby ending this case. *See id.* However, notwithstanding the specific warning and instructions set forth in the court's *Roseboro* Order, Plaintiff failed to respond to the Motions for Summary Judgment. The deadline to respond was June 24, 2024.

On July 9, 2024, the court issued an order directing Plaintiff to advise the court whether he wished to continue with the case and to file responses to the Motions by August 8, 2024. ECF No. 142. However, Plaintiff has failed to file a response to either Motion. Defendants' Motions have now been pending for approximately 3 months with no response. The last filing this court received from Plaintiff was on September 18, 2023, when he filed a Notice of Change of Address. ECF No. 100.

As such, it appears to the court that Plaintiff does not oppose Defendants' Motions and wishes to abandon his action. *See* Fed. R. Civ. P. 41(b); *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (noting that a court deciding whether to dismiss a case under Fed. R. Civ. P. 41(b) must balance the policy of deciding cases on their merits against "sound judicial administration." In so doing, the court must weigh: 1) plaintiff's responsibility for failure to prosecute, 2) prejudice to defendant from delay, 3) history of delay, and 4) effectiveness of lesser sanctions.); *see also Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (noting and applying *Davis* factors in dismissing case under Fed. R. Civ. P. 41(b)); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920

(4th Cir. 1982) (same). Based upon the above, and taking into account the factors in *Davis*, *Ballard*, and *Chandler*, the undersigned recommends this action be dismissed with prejudice against all Defendants for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

    **IT IS SO RECOMMENDED.**

August 16, 2024　　　　　　　　　　　　　　　　　　　　　　Kaymani D. West
Florence, South Carolina　　　　　　　　　　　　　　　　　United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).