IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Terrell Nelson,<br><br>    Plaintiff,<br>vs.<br><br>Warden John Palmer; A/W Yolanda Turner; A/W Thomas Robertson; Major Stanley Terry; Lt. Taylor; Head Classification Greene; Lieutenant Kelvin Avery; Warden Anthony Burton; Phillips Business Office; QMHP Kevin Cunningham; Nurse Samantha Burdette; Lieutenant Parks; Dr. Megan Howard; Dr. Rose Pitt; Nurse Riley McCormack; Mental Health Officer Dorn; Willie Davis, Regional Director; Dr. Labrador, Director Men's Mental Health Services; Lieutenant Miranda Boyd; Director Bryan Stirling; Administrative Captain Heflin; Lieutenant Norman; Captain Campbell; Mrs. K. Ardister-Brown; Sergeant Letman; Lieutenant B. Phillips; Nurse Moore; and Sergeant Durant,<br><br>    Defendants. | Civil Action No. 5:23-cv-1415-CMC<br><br>**ORDER** |

    This matter is before the court on Plaintiff's Complaint, alleging violations of his constitutional rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings.

    Defendants filed motions for summary judgment on May 23, 2024. ECF Nos. 137, 138. The next day a *Roseboro* Order was entered because Plaintiff is proceeding *pro se*, advising him

of the significance of a motion to dismiss and the need to file a response. ECF No. 139. Plaintiff did not respond. The Magistrate Judge then entered an Order directing Plaintiff to advise the court whether he intended to pursue his claims, and notified him his case would be subject to dismissal with prejudice if he failed to respond. ECF No. 142. Plaintiff has not responded to the Motions for Summary Judgment or the Magistrate Judge's Order.

On August 16, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending this action be dismissed with prejudice for lack of prosecution. ECF No. 144. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff failed to file objections or any other filing with this court, and the time to do so has expired.[1]

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that

---

[1] Plaintiff has not submitted any documentation for filing since Defendants filed their summary judgment motions. No mail sent to Plaintiff has been returned.

2

"in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After a review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the court adopts the Report by reference in this Order. This action is dismissed with prejudice for failure to prosecute.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
September 11, 2024